Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Jared A. Day, Trial Attorney
State Bar No. CA 275687
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101
Telephone: (775) 784-5530
Fax: (775) 784-5531
E-mail: *jared.a.day@usdoj.gov*

Attorneys for the United States Trustee for Region 17
TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BANDAR ENTERPRISES, LLC,<br><br>                             Debtor. | Case No: 23-11160-abl<br><br>Chapter 11<br><br>Date: July 26, 2023<br>Time: 1:30 p.m.<br>Place: Telephonic |

### MOTION OF THE UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014 TO DISMISS OR CONVERT CHAPTER 11 CASE

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and her undersigned counsel, hereby brings this *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case* ("Motion").[1]

### INTRODUCTION

"Cause" exists to dismiss or convert this case to chapter 7 for several reasons.  First, Debtor has not filed its required schedules and statements to date, and the most recently extended deadline to do so expired without further extension.  Second, Debtor has not provided any

---

[1] Hereafter, all references to "section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.  All references to "Fed. R. Bankr. P." are to the Federal Rules of Bankruptcy Procedure.

information and documentation reasonably requested by the United States Trustee for the Initial

Debtor Interview ("IDI") after repeated demands and failed to appear for the IDI scheduled by

the United States Trustee.  Third, although Debtor appeared for the first two settings of the 11

U.S.C. § 341(a) first meeting of creditors, its designated responsible individual failed to appear

for the most recent setting on June 9, 2023.  And finally, Debtor has not filed its first two

monthly operating reports ("MOR") for the months of April and May 2023, leaving the United

States Trustee, creditors, and parties in interest unable to determine Debtor's monthly

disbursements and financial condition.  For these reasons, the United States Trustee has

established cause to dismiss or convert this case under section 1112(b).

The Motion is based upon the entire record in this case, the following memorandum of

points and authorities, and the Declaration of United States Trustee Bankruptcy Analyst Kristine

R. Kinne ("Kinne Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        BACKGROUND FACTS AND PROCEDURAL POSTURE

1.       On March 28, 2023, Debtor commenced the above-captioned Subchapter V case

by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  ECF No. 1.

Debtor amended its petition ("Petition") on April 18, 2023.  *See* ECF No. 38.  Debtor is

represented by Matthew C. Zirzow of Larson & Zirzow, LLC.  *Id.*

2.       No Official Committee of Unsecured Creditors has been solicited or appointed by

the United States Trustee in this case because 11 U.S.C. § 1102(a)(3) provides that one should

not be appointed in a small business case "[u]nless the Court for cause orders otherwise."

3.      The first meeting of creditors under 11 U.S.C. § 341(a) was scheduled for April 27, 2023, continued several times, and is presently continued to June 30, 2023.  *See* ECF Docket *generally*.

4.      Although Debtor filed two motions to extend the deadline to file its required schedules and statements, the Court's most recently extended deadline of May 16, 2023, expired, and Debtor has still not filed the required schedules and statements to date.  *Id.*

5.      Debtor filed several first day motions in this case, the hearings for which are presently continued to July 7, 2023.  *Id.*

6.      Debtor failed to provide any information and documentation reasonably requested by the United States Trustee in anticipation of the IDI, appear for the initial IDI scheduled for April 13, 2023, or appear for the continued IDI scheduled for May 15, 2023, in this case.  *See* Kinne Decl.

7.      Although Debtor's representative appeared for the first two settings of the first meeting of creditors in this case, its designated responsible individual failed to appear for the most recent setting on June 9, 2023.  *Id.*

8.      Debtor has not filed its first two MORs in this case for April and May 2023, leaving the United States Trustee, creditors, and parties in interest unable to determine Debtor's monthly disbursements and financial condition.  *See* ECF Docket *generally*.

## II.    JURISDICTION AND VENUE

9.      The Bankruptcy Court has jurisdiction over this bankruptcy case under 28 U.S.C. §§ 1334(a), 1334, and 157(b).

10.     The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

11.     The United States Trustee has standing to prosecute this Motion under 11 U.S.C. §§ 307 and 1112 along with Fed. R. Bankr. P. 1017 and 9014.

12.     Venue of this case and the contested matter presented by the Motion are proper in this district under 28 U.S.C. §§ 1408 and 1409.

### III.    ARGUMENT

13.     11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

14.     Section 1112(b) includes a non-exclusive list of what constitutes "cause," and the court may "consider other factors as they arise, and [] use its equitable power to reach the appropriate result . . . ." *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001). The list of examples of "cause" in section 1112(b) "is non-exhaustive and the Bankruptcy Court ha[s] discretion to also consider case-specific factors in its analysis." *In re Saber*, 527 F. Supp. 3d 1196, 1199 (C.D. Cal. 2021). *See also In re Consol. Pioneer Mortg. Entities*, 248 B.R. at 375 (noting that "[a] bankruptcy court is given wide discretion to convert a chapter 11 case to chapter 7 for 'cause'").

15.     As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be converted or dismissed even at its outset. *Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether

conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

**A.    Cause exists under 11 U.S.C. §§ 1112(e) and (b)(4)(H) because Debtor has failed to timely file its required schedules and statements or provide information and/or attend meetings reasonably requested by the United States Trustee.**

16.    Debtor's failure to file its required schedules and statements within fifteen (15) days after the filing of the Petition constitutes statutory cause to dismiss or convert this case to chapter 7 under section 1112(e).

17.    "Cause" to dismiss or convert a chapter 11 case is established under section 1112(b)(4)(H) when a debtor fails to provide information or attend meetings reasonably requested by the United States Trustee. *See* 11 U.S.C. § 1112(b)(4)(H); *see also Andover Covered Bridge, LLC*, 553 B.R. 162, 174 (B.A.P. 1st Cir. 2016).

18.    Here, the United States Trustee requested information and documentation from Debtor for the IDI, and Debtor has failed to provide these items to date. *See* Kinne Decl.  Debtor also failed to attend the initial IDI scheduled for April 13, 2023 or appear for the continued IDI scheduled for May 15, 2023 that was scheduled by the United States Trustee in this case. *Id.*

19.    Cause thus exists to dismiss or convert this case under section 1112(b)(4)(H). *See In re CA Fin. Sols.,* 2019 WL 2869566, at *9 (Bankr. D. Haw. July 1, 2019) (finding cause where debtor failed to provide documentation requested by the United States Trustee).

**B.    Cause is established under 11 U.S.C. § 1112(b)(4)(G) because Debtor has failed to attend the meeting of creditors convened under 11 U.S.C. § 341(a) without good cause shown.**

20.    "Cause" to dismiss or convert a chapter 11 case may be established under section 1112(b)(4)(G) when a debtor fails to attend the meeting of creditors convened under section

341(a) without good cause shown.  *See* 11 U.S.C. § 1112(b)(4)(G); *In re Merriam*, 250 B.R. 724

738 (Bankr. D. CO. 2000) (failure to attend the section 341 meeting can result in case dismissal);

*In re Shawver*, 2000 WL 33673756 (Bankr. M.D. N.C. July 17, 2000) (same).

21.    In this case, the first meeting of creditors was scheduled for April 27, 2023,

continued several times, and is presently continued to June 30, 2023.  *See* ECF Docket *generally*.

Although Debtor's representative appeared for the first two settings of the first meeting of

creditors in this case, its designated responsible individual failed to appear for the most recent

setting on June 9, 2023.  *Id.*

22.    Therefore, cause exists to dismiss or convert this case under section

1112(b)(4)(G).

**C.    Cause exists under 11 U.S.C. § 1112(b)(4)(F) because Debtor has failed to file MORs for the months of April and May 2023.**

23.    "Cause," as used in section 1112(b)(1), is defined in pertinent portions of section

1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
>
> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement
>
> established by this title or by any rule applicable to a case under this chapter;
>
> . . .

11 U.S.C. §§ 1112(b)(1)and (b)(4)(F).

24.    Here, it is undisputed that Debtor has failed to file MORs in this case for the

months of April and May 2023.[2]  *See* ECF Docket *generally*; *see also* Kinne Decl.  These MORs

---

[2] The United States Trustee reserves her rights to supplement this Motion to include the failure to file an MOR for June 2023 if one is not filed on or before July 21, 2023.

are required by the Bankruptcy Court and Rules, as well as applicable United States Trustee

Guidelines.[3]  As other Courts have held, monthly reports and the financial disclosures contained

in them "are the life blood of the chapter 11 process" and are more than "mere busy work."  *YBA*

*Nineteen, LLC,* 505 B.R. at 303 (citation omitted).  *See also In re Berryhill*, 127 B.R. 427, 433

(Bankr. N.D. Ind. 1991) (citation omitted).

25.    Even if Debtor were to now bring its MORs current, Debtor's delay in filing

would itself constitute cause to dismiss or convert this case under section 1112(b).[4]  Cause, as

defined in section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or

reporting requirement."  11 U.S.C. § 1112(b)(4)(F) (emphasis added).  *In re Babayoff*, 445 B.R.

64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to dismiss or convert under section 1112(b) where

debtor filed multiple MORs "in a single batch, weeks or months late")).

26.    Accordingly, cause exists to dismiss or convert this case under section

1112(b)(4)(F).

/ / /

---

[3] The applicable United States Trustee Guidelines ("Guidelines") provide that each chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending."  *See* https://www.justice.gov/ust-regions-r17/region-17-general-information#ch11.  *See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("[t]he UST is charged with supervising the administration of chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities.  28 U.S.C. § 586(a)(3).  To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill.").  In addition, Fed. R. Bankr. P. 2015(a)(2) and (3) require the filing of periodic reports as the United States Trustee requires.

[4] Given Debtor's failure to file operating reports, the United States Trustee reserves her rights to supplement her Motion in the event that Debtor tardily files a report that supports cause for conversion or dismissal under section 1112(b)(4)(A).

**D.      Once cause is established, Debtor has the burden of establishing all elements of the statutory defenses available under 11 U.S.C. § 1112(b)(2).**

27.      Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under section 1112(b)(1).  *In re Sanders,* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013).

28.      The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate."  *See* 11 U.S.C. § 1112(b)(1).  For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time.  *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015).  As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate.  *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

29.      In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in section 1112(b)(2)(A)–(b)(2)(B).  Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
> > (I) for which there exists a reasonable justification for the act or omission; *and*

(ii) that will be cured within a reasonable period of time fixed
by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

30.     Importantly, Debtor must establish each of the statutory elements set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

31.     The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

### i.      Conversion appears to be the appropriate remedy in this case.

32.     In deciding on whether dismissal or conversion of a chapter 11 case to a case under chapter 7 is in the best interests of a debtor's creditors and bankruptcy estate, courts generally look to and apply a series of factors in determining which form of relief under section 1112(b)(1) is appropriate once cause for relief has been established:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3) Whether the debtor would simply file a further case upon dismissal.

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See Rand v. Porsche Fin. Servs.*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

33. Conversion of the above-captioned case appears to be the appropriate remedy for several reasons. First, a chapter 7 trustee should be appointed to ensure that Debtor's required schedules and statements are filed in this case. Creditors and parties in interest are not yet able to determine whether Debtor has assets that can be liquidated and administered for the benefit of unsecured creditors (many unsecured creditors have filed proofs of claim in this case), and a chapter 7 trustee can investigate that matter. Second, it may be beneficial for a chapter 7 trustee to evaluate and pursue possible state and federal court litigation claims on behalf of the estate, if determined to be meritorious. And finally, there may be avoidance actions that warrant investigation by a chapter 7 trustee for the possible benefit of unsecured creditors.

34. In the alternative, the United States Trustee does not object to the Court dismissing the case if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate.

### III.    CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) granting the Motion; (b) converting this case to chapter 7, or in the alternative, dismissing the

case, if the Court ultimately determines that such relief is in the best interests of Debtor's

creditors and the estate; and (c) granting such other relief as is just under the circumstances.


Date: June 21, 2023                              Respectfully Submitted,

                                                 TRACY HOPE DAVIS
                                                 UNITED STATES TRUSTEE

                                     By:         */s/ Jared A. Day*
                                                 Jared A. Day
                                                 Trial Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

I, ANABEL ABAD SANTOS, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on June 21, 2023, I caused a copy of the foregoing

**MOTION OF THE UNITED STATES TRUSTEE, UNDER 11 U.S.C. § 1112(b), AND FEDERAL RULES OF BANRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS OR CONVERT CHAPTER 11 CASE**

to be served on the following parties:

☑ a. ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- **PAUL N. ANDONIAN**    pandonian@hrhlaw.com
- **OGONNA M. BROWN**    obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com
- **ANDREW CUMMINGS**    andrew.cummings@hklaw.com
- **LARS EVENSEN**    lkevensen@hollandhart.com, blschroeder@hollandhart.com;intaketeam@hollandhart.com
- **JOHN A FORTIN**    jfortin@mcdonaldcarano.com, kkirn@mcdonaldcarano.com,bgrubb@mcdonaldcarano.com
- **MICHAEL M. LIN**    LINLAWGROUP@GMAIL.COM, linmr91809@notify.bestcase.com
- **NATHAN F. SMITH**    nathan@mclaw.org, C201@ecfcbis.com
- **U.S. TRUSTEE - LV - 11**    USTPRegion17.lv.ecf@usdoj.gov
- **JOSEPH G. WENT**    jgwent@hollandhart.com, blschroeder@hollandhart.com;IntakeTeam@hollandhart.com
- **RYAN J. WORKS**    rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com
- **MATTHEW C. ZIRZOW**    mzirzow@lzlawnv.com, carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;valentina@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

☑ b. U.S. Mail, postage fully prepaid (*see* **separate BNC Certificate of Service**):

I declare under penalty of perjury that the foregoing is true and correct.

Signed: June 21, 2023

*/s/ Anabel Abad Santos*
Anabel Abad Santos